IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DONALD THOMAS** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) No. 12 C 6149 |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Donald Thomas ("petitioner" or "Thomas") has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, that petition is denied.

On February 5, 2008, Thomas, along with 17 co-defendants, was charged with wire fraud, in violation of 18 U.S.C. § 1343, in connection with a $7.2 million mortgage fraud scheme. On March 12, 2009, a jury convicted Thomas on six counts of the indictment. On September 18, 2009, I sentenced Thomas to 53 months' imprisonment, followed by two years of supervised release, and ordered restitution in the amount of $597,100.00. Thomas filed a notice of appeal with the Seventh Circuit on September 18, 2009, but Thomas voluntarily dismissed his appeal on September 16, 2010. Thomas filed his § 2255 petition on July 27, 2012.

I.

Motions under § 2255 are subject to a one-year statute of limitations, running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Thomas was sentenced in 2009 and thereafter appealed his sentence. Thomas's motion to voluntarily dismiss his appeal was granted and the appeal dismissed on September 18, 2010, so his judgment of conviction became final "when the time for filing a

certiorari petition expire[d]." *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072 (2003)). The time for Thomas to file a certiorari petition expired ninety days after the Seventh Circuit dismissed his appeal, or on December 15, 2010. *See Clay*, 537 U.S. at 525, 123 S.Ct. 1072 (citing Sup. Ct. R. 13(1)). Therefore, under § 2255 Thomas had until December 15, 2011, to file his petition. However, he did not file that motion until July 27, 2012, almost 7 1/2 months after the deadline under § 2255 had expired.

II.

Thomas argues that, although his motion is otherwise untimely, the deadline should be extended because he did not know that there was a statute of limitations for § 2255 motions and because of his vision problems. Section 2255's "period of limitation is not jurisdictional but is instead a procedural statute of limitations subject to equitable tolling." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citing *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999)). To qualify for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005). In the § 2255 context, the

3

Seventh Circuit has noted that "equitable tolling is granted sparingly" and that "the threshold necessary to trigger equitable tolling is very high." *Marcello*, 212 F.3d at 1010. Indeed, our court of appeals has noted that, given the express tolling provision incorporated into the statute "it is unclear what room remains for importing the judge-made doctrine of equitable tolling" into § 2255 claims. *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001) (quoting *Taliani*, 189 F.3d at 598)).

Taking up the first requirement---that petitioner has been pursuing his rights diligently---I find that Thomas cannot establish diligence. Thomas contends that his attorney on appeal, Hannah Garst, provided him with transcripts from the trial and sentencing around the same time that he signed the letter consenting to the voluntary dismissal of his appeal, which was in early September 2010. (*See* Dkt. No. 6, at 23.) Thomas then states that when he finished going through the transcripts and highlighting the purportedly significant portions, he sent them back to Garst and requested her assistance in preparing a § 2255 motion. (*Id.* at 24.) In response, Thomas states that Garst returned the transcripts to him with a letter explaining that she did not practice in that area of law and could not help him. Thomas attached that letter to his present motion, and the

4

letter is dated December 21, 2010. (*See* Dkt. No. 4-3, at 12.) According to Thomas, then, he had read and annotated the transcripts by December 21, 2010, and still had almost the full one-year limitations period in which to file his petition by the time Garst informed him that she would not assist him in preparing his § 2255 motion. Thomas provides no explanation for why it took him another 17 months to file his petition and has not shown that he exercised proper diligence throughout this period.

Even if Thomas could overcome this first hurdle, I also find that he cannot satisfy the extraordinary circumstances standard. The Seventh Circuit has very rarely found that a petitioner has met the extraordinary circumstances standard. *See, e.g., Marcello*, 212 F.3d at 1010 (death of the petitioner's attorney's father two weeks before the one-year deadline and allegations that the law was unclear not enough to excuse filing § 2255 motion one day late). Thomas's first argument---that his late filing should be excused because he did not know that his motion would be subject to a one-year statute of limitations---is unavailing. A petitioner's ignorance of the law is not an extraordinary circumstance entitling him to equitable tolling. *Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002) ("Ignorance of the law does not justify an extension of the one-year period to commence a collateral attack.")

5

Thomas's visual impairments also do not constitute an extraordinary circumstance. Thomas contends that he is entitled to equitable tolling because he is allegedly legally blind and as a result needed more time to discover evidence in the transcripts of the trial and sentencing hearing. First, as discussed above, according to Thomas, he had already combed through the transcripts he has submitted in support of his § 2255 motion by December 21, 2010. Thomas supplies no reason for why his visual impairments resulted in a 17 month delay after he finished gathering his evidence. Second, courts that have confronted similar arguments have not found grounds for equitable tolling. *See, e.g., United States v. Brittain*, 41 Fed. Appx. 246, 249 (10th Cir. 2002), *cert. denied*, 537 U.S. 913, 123 S.Ct. 294 (2002) (holding that the district court did not abuse its discretion in refusing to equitably toll the statutory period where the petitioner, who was allegedly legally blind, claimed he did not have access to legal materials for the visually impaired and was transferred numerous times between prisons); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (finding, in § 2254 context, that the prisoner's inability to understand English did not warrant tolling if the limitation did not prevent access to courts); *United States v. Bahena*, 524 F.S.upp.2d 1027 (N.D. Ill. 2007) (concluding that the petitioner's illiteracy and health problems did not constitute extraordinary circumstances required

6

for equitable tolling). The Seventh Circuit, in particular, has held that a language barrier, even taken together with other barriers to filing, does not satisfy the extraordinary circumstances standard. *Montenegro*, 248 F.3d at 594.

Finally, to the extent that Thomas is arguing that he is entitled to equitable tolling because Garst allegedly told him to "take his time" preparing the § 2255 motion, that argument fails as well. "The Seventh Circuit has clearly held that, because a litigant does not have a constitutional right to counsel during post-conviction proceedings, a lawyer's mistakes or ineffective assistance during a post-conviction proceeding are not grounds for equitable tolling." *United States v. Bahena*, 524 F.S.upp.2d 1027, 1030 (N.D. Ill. 2007) (citing *inter alia Taliani*, 189 F.3d at 598).

III.

Under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S.Ct. 1595 (2000). Because I am denying petitioner's motion on procedural grounds,

he would have to show both that reasonable jurists would find my resolution of the procedural issue to be debatable or wrong and that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Gonzalez v. Thaler*, --- U.S. ----, 132 S.Ct. 641, 648 (2012) (citing *Slack*, 529 U.S. at 484, 120 S.Ct. 1595). No reasonable jurist would find my resolution of the procedural issues presented to be debatable or wrong, so I decline to issue a certificate of appealability.

IV.

For these reasons, I find that equitable tolling does not apply and that Thomas's § 2255 motion was filed after the one-year statute of limitations had run. Accordingly, I dismiss his motion as untimely and decline to issue a certificate of appealability.

**ENTER ORDER:**

_____

**Elaine E. Bucklo**
United States District Judge

Dated: October 3, 2012